# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-24325-DPG

**TRACFONE WIRELESS, INC.,**

    Plaintiff,

**v.**

**CNT WIRELESS LLC,** *et al.***,**

    Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff TracFone Wireless, Inc.'s ("TracFone") Motion for Limited Expedited Discovery and Service in Canada (the "Motion") [ECF No. 5]. The Court has reviewed the Motion and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

## FACTUAL BACKGROUND

In TracFone's Complaint [ECF No. 1] and Motion, TracFone alleges that Defendants are engaged in an unlawful international mobile telephone trafficking scheme that violates the Terms and Conditions accompanying the devices, as well as federal and state law. TracFone alleges that Defendants' conduct is causing TracFone to suffer substantial monetary losses and other injury.

TracFone claims that Defendants are engaging in a scheme whereby they purchase bulk quantities of subsidized TracFone Devices, primarily popular iPhones, at big box retailers such as Walmart, whether in store or online. Defendants then unlock the devices, which are otherwise locked to TracFone's wireless service by special proprietary software developed and owned by TracFone.

TracFone claims that it has evidence indicating that Defendants then resell the TracFone Devices for profit domestically and abroad. TracFone's investigators witnessed Defendants

making bulk sales of TracFone devices in recent months. TracFone has also produced declarations from Sair Ali, a known cell phone trafficker in Dubai, showing that Defendants trafficked over 17,000 TracFone devices over a three-month period in 2018. TracFone believes Defendants have trafficked substantially more devices to date and continue to engage in this scheme and that Defendants have enlisted the help of friends, family, and other as-yet-unknown co-conspirators to effectuate their scheme.

TracFone's Motion details its concern that certain non-parties are likely in possession of information relating to Defendants' scheme but are not under any obligation to preserve or produce such information, including non-parties such as UPS, FedEx, banking institutions, and retailers such as Target. Tracfone has produced a declaration from Kevin Wehling, TracFone's Fraud Investigations Manager, that attests to how TracFone takes steps to combat fraud and the steps it took once it learned of Defendant's alleged fraudulent activities. Mr. Wehling's declaration further details how TracFone has attempted to gather information pertaining to Defendants' scheme from various non-parties (Target, Apple, Best Buy, Walmart, Bank of America, UPS, and FedEx), and how those efforts have been frustrated due to the fact that such non-parties are under no legal obligation to preserve and share their information.

## DISCUSSION

Tracfone seeks to engage in expedited discovery and to serve both process and third-party discovery subpoenas via FedEx or UPS, including on Canadian third parties not in the United States. Each is addressed in turn.

### I. Tracfone May Engage in Expedited Discovery.

TracFone requests expedited discovery in this case prior to the parties' scheduling conference pursuant to Federal Rule of Civil Procedure 26(f) so it can learn the full extent of the

nature and scope of Defendants' alleged ongoing unlawful conduct as quickly as possible to stop Defendants' alleged misconduct. TracFone also seeks expedited discovery to mitigate any additional harm Defendants' alleged improper activities have caused to TracFone's customers and to learn the identities of its legitimate customers whom Defendants have allegedly defrauded so that TracFone can take steps to make these customers whole.

The Federal Rules of Civil Procedure provide that discovery may commence before the parties have engaged in a discovery conference if ordered by the Court. Fed. R. Civ. P. 26(d) & (f). Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery. *See, e.g.*, *GE Seaco Servs., Ltd. v. Interline Connection, N.V.*, No. 09-23864-CIV, 2010 WL 1027408, *1 (S.D. Fla. Mar. 18, 2010). "Good cause can be shown by establishing some impelling urgency which necessitates action forthwith and excuses giving notice to the other party." *Ghaffari v. Collins Tower Ass'n*, No. 13-21037-CIV, 2013 WL 12141254, at *1 (S.D. Fla. June 18, 2013) (citing *GE Seaco Servs., LTD.*, 2919 WL 1027408, at *1) (internal quotations omitted).

The Court agrees, based on the record in this case, that good cause exists to allow expedited discovery particularly upon consideration of Tracfone's concerns about evidence preservation. The Court further finds that expedited discovery is warranted so that TracFone may mitigate any additional irreparable harm caused by Defendants' alleged ongoing scheme. *See, e.g.*, *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (finding that "good cause exists for expedited discovery into Defendants' alleged unlawful activity and the harm such alleged activity has caused TracFone.").

## II. Tracfone May Serve Third-Party Discovery Subpoenas by Mail.

TracFone has also requested permission to serve subpoenas on third parties that it reasonably believes may have information relating to the case, including Apple, FedEx, UPS, Walmart, Bank of America, as well as suspected co-conspirators of Defendants. *See Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003) (noting that when determining if third-party subpoenas are appropriate courts should consider their relevance and the need for documents); *United States v. Mayer*, No. CIV8:03CV415T26TGW, 2003 WL 1950079, at *2 (M.D. Fla. Feb. 20, 2003) (finding good cause to allow immediate discovery); *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 674 (S.D. Fla. 2015) (same). The Court finds that it is appropriate for TracFone to commence third-party discovery at this stage and that the third parties shall comply with the subpoenas so that the information Tracfone seeks is preserved for litigation.

The Court further finds that service of the third-party subpoenas permitted under this Order may be made by FedEx or UPS. There is significant authority within the Eleventh Circuit holding that Federal Rule 45 does not require personal service; rather, it requires service that is reasonably calculated to ensure receipt of the subpoena by the witness. *See*, *e.g.*, *Dixon v. Bank of Am.*, *N.A.*, No. 19-cv-80022, 2019 WL 3767097, at *2 (S.D. Fla. Aug. 9, 2019) (noting that "recent decisions in this District have found that Rule 45 does not require personal service, but it does require service that is reasonably calculated to ensure actual receipt of the subpoena"); *In re Application of MTS Bank*, No. 17-cv-21545, 2018 WL 1718685, at *4 n.3 (S.D. Fla. Mar. 16, 2018); *Bozo v. Bozo*, No. 12-cv-24174, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013); *TracFone Wireless, Inc. v. Does*, No. 11-cv-21871, 2011 WL 4711458, at *4 (S.D. Fla. Oct. 4, 2011). Service made by FedEx or UPS falls into this category because these methods are reasonably calculated to ensure receipt of the subpoena by the witness. *See*, *e.g.*, *Tim Hortons USA, Inc. v. Singh*, No. 16-cv-23041, 2017

4

WL 1326285, at *9 (S.D. Fla. Apr. 5, 2017); *TracFone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1363–64 (S.D. Fla. 2015).

### III. Tracfone May Serve the Canadian Defendants and the Canadian Third Parties by International Mail or FedEx.

Finally, TracFone seeks to effectuate service of process on the Candian Defendants—CellnTell Distribution Inc., Sajid Butt, Muhammad Shoaib, Farhan Ashraf Khan, Umar Warraich and Muhammad Awais—and to serve subpoenas on the Canadian third parties (collectively, the "Canadian parties") pursuant to Federal Rule of Civil Procedure 4(f). TracFone specifically seeks to serve the Canadian parties by international mail or FedEx.

The Court agrees that service by international mail or FedEx is appropriate on the Canadian parties under Rule 4(f)(1) and Article 10(a) of the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T 361 (the "Hague Convention"). Rule 4(f)(1) provides that service may be effectuated on an individual outside of the United States via internationally agreed means of service that are reasonably calculated to give notice. Fed. R. Civ. P. 4(f)(1). The Rule also provides that, where applicable, the transmittal of documents for service abroad must be made pursuant to the provisions of the Hague Convention. *Id.* Under the Hague Convention, "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law[.]" *Water Splash v. Menon*, 137 S. Ct. 1504, 1513 (2017).

Here, Canada is a signatory to the Hague Convention and has not objected to service by mail. *See TracFone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F. Supp. 2d 1307, 1309 (S.D. Fla. 2010) (citing *Curcuruto v. Cheshire*, 864 F. Supp. 1410, 1411 (S.D. Ga. 1994)); *see also TracFone Wireless, Inc. v. Sunstrike Int'l., Ltd.*, 273 F.R.D. 697, 699 (S.D. Fla. 2011). Accordingly, service

by mail is appropriate. But to safeguard the provisions of Rule 4(f), the delivery service must require a signed receipt or email delivery confirmation (or substantially equivalent documents) as proof that service has been effectuated. *See* Fed. R. Civ. P. 4(f)(2)(C)(ii) (noting that if not prohibited by federal law or the foreign country's law, service may be made by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt") & 4(f)(2)(D) (noting that service may be completed "by other means not prohibited by international agreement, as the court orders").

Finally, TracFone may also serve subpoenas to recipients in Canada in the same manner under the provisions of Article 10(a) of the Hague Convention. Article 10(a) provides that, if the receiving state "does not object, the Hague Convention does not change the freedom to send judicial documents, by postal channels, directly to persons abroad." As discussed, Canada does not object to service by postal channels. *See TracFone Wireless, Inc. v. Does*, No. 11-CV-21871-MGC, 2011 WL 4711458, at *4 (S.D. Fla. Oct. 4, 2011) (noting that "service of a subpoena on a foreign non-party in a foreign country is permissive under the Hague [] Convention," because the Hague Convention "is not limited to service of process alone") (citing *MedImmune, LLC v. PDL Biopharma, Inc.,* No. C08–05590, 2010 WL 2179154, *2 (N.D. Cal. May 27, 2010)). Accordingly, service of the subpoenas by mail is appropriate here.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that TracFone's Motion [ECF No. 5] is **GRANTED** as follows:

    i.    TracFone may serve subpoenas duces tecum on third parties it reasonably believes may have information relating to the case in a form that substantially complies with the law of this jurisdiction and the Federal Rules of Civil Procedure.

ii. Any third parties served with subpoenas duces tecum shall respond within fourteen days. TracFone may serve the third-party subpoenas duces tecum via FedEx or UPS and any third parties so served with subpoenas duces tecum pursuant to this Order are expressly ordered to accept service of the same via FedEx. Parties objecting to the scope of discovery may file objections with the Court within fourteen (14) days of service.

iii. Pursuant to Article 10(a) of the Hague Convention, the Clerk of the Court is authorized to serve the Canadian parties with process, subpoenas, and any other judicial documents via United States postal service international express mail or FedEx international delivery. TracFone will deliver the required documents to the Clerk's office so that the Clerk can comply with the Order. TracFone may file a copy of the FedEx "proof of signature" or email delivery confirmation (or substantially equivalent documents) as proof that service has been effectuated on the Canadian parties, pursuant to Federal Rule of Civil Procedure 4(l)(2)(B).

iv. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), responses to the Complaint shall be due twenty-one (21) days after receipt of copy of the Summons and Complaint.

v. TracFone shall serve a copy of this Order on Defendants by FedEx or United States postal service and then shall promptly file a notice of service of same after the Order is served.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of November, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE